**FILED**
**Sep 10, 2021**
**07:26 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| **James McGauvran,** | ) | **Docket No. 2020-06-0558** |
| **Employee,** | ) | |
| **v.** | ) | |
| **ATOS Syntel, Inc.,** | ) | **State File No. 32368-2019** |
| **Employer,** | ) | |
| **And** | ) | |
| **Hartford Accident & Indemnity Co.,** | ) | **Judge Kenneth M. Switzer** |
| **Carrier.** | ) | |

## EXPEDITED HEARING ORDER
## (DECISION ON THE RECORD)

James McGauvran fell approximately four feet from a concrete wall while checking his work email and calendar and vaping in a designated smoking area. ATOS Syntel denied the claim, asserting that he did not suffer an injury as that term is defined in the Workers' Compensation Law and the injury is idiopathic. For the reasons below, the Court holds that Mr. McGauvran is likely to prevail at a hearing on the merits that he suffered a compensable injury and awards temporary disability benefits.[1]

## Claim History

Mr. McGauvran worked for ATOS, an international technology-services company, managing twenty-six employees in the United Kingdom, India and the United States.

---

[1] This is the second expedited hearing order in this case. Previously, the Court found Mr. McGauvran was likely to prevail at a hearing on the merits regarding whether the alleged injury is compensable but, on the parties' agreement, awarded no benefits. ATOS appealed, and the Appeals Board vacated and remanded. The Board held that the plain language of section 50-6-239(d) contemplates that the purpose of an expedited hearing is to allow a workers' compensation judge to "hear disputes over issues . . . concerning the provision of temporary disability or medical benefits" using the applicable statutory standard of proof. Afterward, the parties supplemented the record so that, if appropriate, the Court may award benefits.

1

Mr. McGauvran testified that he was performing these job duties when he was injured on April 23, 2019. Specifically, Mr. McGauvran went to the parking ramp next to his office to smoke in an area nicknamed the "third-floor meeting room." He said that the space was frequently used for smoking but also for work discussions with his manager. Mr. McGauvran sat on a nearby wall and began using a vaping device. He explained he was trying vaping in an attempt to quit smoking cigarettes. He testified that, while reviewing emails and his calendar on his phone, he began coughing so hard that he "passed out" and fell backward off the wall.

Mr. McGauvran broke his neck and toe from the fall. He sought emergency treatment that included fusion surgery. According to Mr. McGauvran, he suffered serious complications that require additional treatment.

The parties jointly submitted medical records and bills and agreed to their admissibility. As to treatment, the records stated Mr. McGauvran underwent emergency treatment that same day, reporting the same mechanism of injury and confirming fractures to the C7 and left toe. Dr. Chine Logan, a neurosurgeon, performed cervical spine surgery two days later. Mr. McGauvran saw him for follow up on June 12; records for additional treatment were not filed. As for the bills, they total $209,649.84 and represent sums owed to various physicians and the hospital. While the parties agreed the bills are true and accurate, they did not stipulate that they are reasonable, necessary and work-related.

The parties stipulated that an initial temporary disability award would run from April 23 through May 15, and at the maximum compensation rate for the date of injury of $1,021.90, Mr. McGauran would be entitled to $3,211.69. They further agreed, for purposes of the expedited hearing, that between April 23 and May 15, he was out of work and either not paid or had to use paid time off.

### Findings of Fact and Conclusions of Law

Mr. McGauvran must show that he is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2020); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

*Injury Arising Primarily out of Employment*

To prove a compensable injury, Mr. McGauvran must show that it arose primarily out of and in the course and scope of his employment. Tenn. Code Ann. § 50-6-102(14). An injury occurs in the course of employment if it takes place while the employee was performing a duty that he was employed to perform. *Jacobs v. Bridgestone Americas Tire Operations, LLC,* 2018 TN Wrk. Comp. App. Bd. LEXIS 4, at *9 (Feb. 7, 2018). Thus, the course of employment requirement focuses on the time, place, and circumstances of the injury. *Id.* at *10. The "arising out of" requirement refers to causation and means "cause in the sense that the accident had its origin in the hazards to which the employment exposed

2

the employee while doing his work." *Navyac v. Universal Health Servs.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 16, at \*15 (Mar. 31, 2016) (citations omitted).

Focusing on the place and circumstances, Mr. McGauvran testified that he fell while vaping in a designated smoking area, dubbed the "third floor meeting room," where he had previously discussed work with his manager while smoking. ATOS argued that Mr. McGauvran was not performing his job duties or otherwise providing a benefit to it because he was vaping when he became injured. This argument ignores his unrefuted testimony that he was working while on this break, reviewing his emails and calendar on his phone.

ATOS further contended that Mr. McGauvran was vaping for the first time, and his fall was "100% caused by Employee's personal action of vaping." Whether it was Mr. McGauvran's first time vaping is immaterial; he could have coughed from smoking tobacco as well. Rather, Tennessee has long recognized the "personal comfort doctrine," which generally brings injuries suffered by employees while on authorized breaks, including smoke breaks, within the umbrella of compensable injuries. *See Jacobs*, at \*11-12. Moreover, "the workers' compensation law does not expressly state that the employee must, at the time of the injury, have been benefiting his or her employer; it merely states that the injury must be one 'arising out of and in the course of the employment.'" *Id.* at \*12.

ATOS additionally argued that the injury is idiopathic. "An idiopathic injury is one that has an unexplained origin or cause, and generally does not arise out of the employment unless some condition of the employment presents a peculiar or additional hazard.'" *McCaffery v. Cardinal Logistics,* 2015 TN Wrk. Comp. App. Bd. LEXIS 50, at \*9 (Dec. 10, 2015) (citations omitted). An injury that occurs due to an idiopathic condition is compensable "if an employment hazard causes or exacerbates the injury." *Id.* at \*10. ATOS argues that Mr. McGauvran's injury was caused by vaping and not a hazard of employment.

In *McCaffery,* the employee was driving when he sneezed and lost control of his truck. The employer argued that the sneeze initiated the chain of events that caused the employee's injuries. The Appeals Board disagreed, stating that the focus is on "the causal link between the employment and the accident or injury, rather than a causal link between the employment and the idiopathic episode." *Id.* at \*11. Applying that rationale, the Court's focus should be on the causal link between Mr. McGauvran's work as a manager and the accident he suffered while reading emails and reviewing his calendar. The Court finds his employment as a sufficient connection. He is likely to prevail at a hearing on the merits that he suffered an injury arising primarily out of and in the course and scope of employment, which was not idiopathic in nature.

3

In light of the previous conclusion, ATOS must provide treatment, free of charge, made reasonably necessary by the work accident. *See* Tenn. Code Ann. § 50-6-204(a)(1)(A). In circumstances where an employer refuses to provide medical treatment and/or denies the employee's claim, the employer bears the risk of being held responsible for medical expenses incurred by the employee in the event the claim is deemed compensable. *Young v. Young Elec. Co.,* 2016 TN Wrk Comp App Bd LEXIS 24, at *16 (May 25, 2016); and *McCord*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *13 ("[A]n employer who elects to deny a claim runs the risk that it will be held responsible for medical benefits obtained from a medical provider of the employee's choice[.]"). Therefore, Mr. McGauvran is entitled to any additional, reasonably necessary treatment with Dr. Logan.

Turning now to the bills, in *Eaves v. Ametek,* 2018 TN Wrk. Comp. App. Bd. LEXIS 53, at *8 (Sept. 14, 2018), the Appeals Board held that medical bills were inadmissible, when the employee offered no proof that the bills were reasonable, necessary, or causally-related to the work accident. The stipulation here does not satisfy those requirements. Therefore, the Court cannot order payment of the medical bills at this time.

Finally, considering the parties' stipulations and the compensability holding, Mr. McGauvran is likely to show at a hearing on the merits that he is entitled to temporary disability benefits totaling $3,211.69.

*Fees*

Mr. McGauvran's attorney seeks an award for fees under Tennessee Code Annotated section 50-6-226(d)(1)(B).

The Appeals Board has held that "a decision to award attorneys' fees and expenses at an interlocutory stage of a case should be made only in *extremely limited circumstances*." *Travis v. Carter Express,* 2019 TN Wrk. Comp. App. Bd. LEXIS 25, at *10 (June 24, 2019) (emphasis in original). Further, "although a finding of wrongfulness may ultimately support an award of reasonable attorney's fees and costs in accordance with section 50-6-226(d)(1)(B), it does not, standing alone, support an award of attorney's fees and costs *at an interlocutory stage of the case*. *Id.* at *13 (emphasis in original). Also:

> [W]hen an employer denies a claim or refuses to initiate benefits based on an unsettled issue of law or on a reasonable interpretation of the facts available to it at the time the claim is denied, *even if that denial is later found to be wrongful, the court should delay an award of attorney's fees until the litigation has run its course and there is no longer a question as to the*

*compensability of the claim or whether the employee is owed workers' compensation benefits.*

*Id.* at *14 (emphasis added).

Here, the Court finds that this case presents no "extremely limited circumstances" favoring a fee award at the interlocutory stage. Mr. McGauvran may renew his request for fees at the compensation hearing if the question of compensability no longer exists.

IT IS, THEREFORE, ORDERED AS FOLLOWS:

1. ATOS must authorize any additional medical treatment made reasonably necessary by the work accident with Dr. Chine Logan.

2. ATOS must pay Mr. McGauvran temporary disability benefits totaling $3,211.69. His attorney is entitled to a twenty-percent fee award from this sum.

3. No payment/reimbursement of medical bills, and no award of additional attorney's fees, are appropriate at this time.

4. This case is set for a status hearing on **November 8, 2021, at 9:45 a.m. Central Time**. You must call (615) 532-9552 or (toll-free) (866) 943-0025. Failure to appear might result in a determination of the issues without your further participation.

5. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit by email at WCCompliance.Program@tn.gov.

**ENTERED September 10, 2021.**

Kenneth M. Switzer
**JUDGE KENNETH M. SWITZER**
Court of Workers' Compensation Claims

5

**APPENDIX**

Exhibits:
1. Petition for Benefit Determination
2. Amended Petition for Benefit Determination
3. Dispute Certification Notice
4. Request for Expedited Hearing and Declaration of Mr. McGauvran
5. Status Hearing Order, November 17, 2020
6. Status Hearing Order, February 8, 2021
7. Deposition Transcript
8. Docketing Notice and Order
9. Declaration of James McGauvran and attached photos
10. Employer's Response to Employee's Petition for Benefit Determination
11. Compensation Hearing Pre-Trial Statement of Petitioner
12. Expedited Hearing Order (Decision on the Record)
13. Appeals Board Opinion
14. Order, July 27, 2021
15. Joint Submission of Medical Records and Bills
    a. Skyline Medical Center Records
    b. Nashville Neurosurgery Associates Records
    c. Hendersonville Medical Center Records
    d. Itemized billing
16. Stipulations, September 1, 2021
17. Docketing Notice
18. Joint Notice

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on September 9, 2021.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|------|------|------|------|
| Jim Higgins, employee's attorney | | | X | jsh@higginsfirm.com<br>Stephanie@higginsfirm.com |
| Blair Cannon, employer's attorney | | | X | l.blair.cannon@thehartford.com |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*